DADE COUNTY and J. LAMAR PAXSON, C. H. CRANDON, CECIL A. TURNER, and N. P. LOWREY and J. D. REDD, as County Commissioners of Dade County, Appellants, v. C. G. THOMPSON, a Single Man, *et al.*, Appellees.

200 So. 212

En Banc

Opinion Filed February 4, 1941

*Hudson & Cason,* for Appellants;

*E. L. Lockhart, Inman Padgett, Carl T. Hoffman, Yonge & Anderson* and *Redfearn & Ferrell,* for Appellees.

TERRELL, J.—Appellees as complainants filed their bill of complaint seeking to cancel and remove all restrictions on the lots in a subdivision known as Tatum's Ocean Beach Park, located in Dade County, fronting on the Atlantic Ocean north of Miami, all persons having an interest in any of the lots being named as defendants. Appellants and several other defendants answered the bill of complaint resisting the removal. Decrees pro confesso were taken against the owners of eleven lots and some of the owners filed answers that did not resist or consent to the removal. On final hearing after evidence was taken, the chancellor cancelled and removed the restrictions and enjoined all parties from any attempt to enforce them. This appeal was prosecuted.

Appellants contend that the judgment below should be reversed because the bill of complaint does not allege and the evidence does not show a sufficient change within and in the immediate vicinity of said subdivision since the original conveyances from the owner were made.

To support their contention they rely on Osius v. Barton, 109 Fla. 556, 147 So. 862, and 129 Fla. 184, 176 So. 65; Barton v. Moline Properties, 121 Fla. 683, 164 So. 551, and cases of like import. These cases do support appellants' contention in that they hold that to warrant the removal of restrictive covenants from lands, such as are brought in question, the bill must allege and the evidence must prove such a changed state of circumstances as will frustrate or bring to naught the effect of the covenants and that such

change was not brought about by the fault or neglect of those who seek to have them removed. These and other cases also held that each case must stand or fall on the equities presented, the test being whether or not the original purpose or intent of the parties to the restrictive covenants can be reasonably carried out.

The chancellor found the equities to be with the complainants and removed the restrictions. Limited to physical changes in the lands, we might reverse the chancellor, but such was not his whole reliance. The record discloses that Tatum's Ocean Beach Park was located in Dade County between the Atlantic Ocean and Biscayne Bay, that it originally contained lots numbered 4 to 105 inclusive, all lots being 100 feet wide and 850 to 1,175 feet in depth. The north thirty lots numbered 76 to 105 inclusive, were conveyed originally without restrictions. Lots 4 to 75, inclusive, were conveyed originally with restrictions which related to the class or race of people that they might be resold to, the cost of buildings permitted, distance from the street, and various others usually placed in such deeds, the class of restrictions not being challenged.

The last sale with restrictions was made in 1933, since which appellants have purchased or have options to purchase twenty-three of the seventy-two restricted lots. The highway marked Ocean Drive on the plat is paved twenty feet wide and is a main thoroughfare. Appellants have widened parking places on their lots along Ocean Drive thirty feet wide adjacent to the highway. No buildings have been constructed on any of the restricted lots but a number of the substantial residences have been constructed on the lots sold without restrictions. Immediately south of the restricted lots, a trailer park, restaurant, bar, grocery store, lunch counter, and gasoline station are located. On the

north side beyond the unrestricted lots is a bar, casino, fishing pier, and an apartment house.

All these circumstances are recited in the bill of complaint. The chancellor found that all lot owners in the restricted area wanted the restrictions removed except appellants and that they had acquired their lots for park purposes. This was primarily the basis for the equity on which he removed the restrictions, doubtless feeling that all these considerations would frustrate and bring the restrictive covenants to naught.

In view of these considerations, we do not feel that the decree appealed from should be reversed.

Affirmed.

WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, C. J., concurs in the judgment.

ADAMS, J., not participating.