DURDEN, WILLIAM L, Associate Judge.
Plaintiffs-appellees are the owners of certain lots in Sails’ Subdivision in Pinellas County, Florida. The defendants-appellants are the owners of Lot 1, Block A in the same subdivision.
The respective interests of all the parties to the suit were derived from a common source; D. A. Sails and wife who developed the subdivision, recorded the plat thereof in 1951 and placed upon the plat a set of *195 restrictions which provided that “Blocks A, B, C, D, E, and F shall be zoned for single family dwellings/’ and that “no trailer, tent, garage, garage apartment, or other outbuilding may be erected except a garage for not more than two cars.”
These restrictions were properly specified in the deeds by which all of the parties acquired title to the property they now own.
The defendants constructed a two story building on their property, and were maintaining a “Pampered Pet Salon” business on the premises. The ground level of the building consisted of a garage, while the upper story was an apartment.
The chancellor below entered a final decree favorable to the plaintiffs and the defendants were ordered to dismantle and remove the offending apartment portion of the garage structure and were permanently restrained and enjoined from using their property for other than residential purposes.
The defendants appealed to this court and the principal thrust of their advocacy is that there has been such an entire change in the circumstances and in the neighborhood of the property and in the character of the improvements that to enforce the restrictions would be oppressive and unreasonable.
In 8 Flajur., Covenants and Restrictions, Section 40, page 538, it is stated:
“Where the equitable enforcement of building restrictions would be oppressive and unreasonable because of an entire change in the circumstances and in the neighborhood of the property, and the character of the improvements and the purposes to which they are applied, equity may refuse to enforce observance of the restrictions, and leave the parties to their action at law. It is also said in such cases that the changed conditions indicate that the time for the duration of a restrictive covenant, not set forth otherwise, has expired. In either case, the doctrine to be applied is that expressed in the maxim ‘lex non cogit ad impossibilia/ and it rests upon what is now the generally accepted principle of contract law known as discharge of contractual obligation by frustration of contractual obj ect.”
In Vetzel v. Brown (Fla.1956) 86 So.2d 138, Justice Roberts, writing for the Supreme Court of Florida, stated:
“As to their second contention respecting the change in the character of the neighborhood, this was essentially a question of fact that was determined adversely to their contention by the trier of the facts, and we see no reason to disturb his findings in this respect — particularly in view of the fact that the only two changes (the grocery store and church, referred to above) had taken place before the Vet-zels acquired title to their lots.”
In Wahrendorff v. Moore (Fla.1957) 93 So.2d 720, Justice Thornal stated:
“We come to the second point as to whether there was an adequate showing of changed conditions that would justify cancelling these contractual restrictive covenants.
******
“In such a situation we must give due cognizance to the fact that the Chancellor heard all of the evidence, evaluated the weight thereof, had an opportunity to determine the credibility of witnesses and in the ultimate was in a much better position than this Court to determine the equities on the basis of the evidence presented. We cannot concluded from the showing made that his decision was erroneous.”
In this case the Chancellor, after hearing the testimony and viewing the entire subdivision and surrounding area personally, found that the plan of restrictions had been adhered to by the various owners of lots in the subdivision other than the defendants ; that the construction of the offending, structure by the defendants was made de *196 liberately and in defiance of the restrictive covenants; that the defendants knew that such construction was in violation of the restrictive covenants; that the restrictions were called to his attention during construction and that the evidence fell short of showing a change of conditions sufficient to warrant the removal of the restrictions.
The conclusions of the Chancellor are amply supported by the evidence and his decree accords with clearly announced principles of law and is therefore affirmed.
KANNER, Acting C. J., and SHANNON, J., concur.