MANN, Judge.
Everything is coming up thorns in Rose-land Park. This pleasant subdivision was platted in 1925 and restricted to residential use. Plant City’s appeal was not discovered before the collapse of the Florida boom, and it was not until after World War II that substantial development occurred, and many lots are not yet built on. The plaintiffs now contend that circumstances have so changed as to warrant invalidation of the restrictions, and defendants disagree.
State Road 39 has been four-laned, and plaintiffs’ lots abut it. Across the road is a new shopping center. It is undisputed that sale of plaintiffs’ property for commercial purposes, for which it has now been rezoned, would yield them a far greater return than would the difficult task of development for residential use.
On the other hand, the Executive Director of the Hillsborough County Planning Commission testified that a by-pass, now partially completed but missing a link vital to the interests of those who live in Rose-land Park, will take much of the traffic around the area. He also testified that the better planning practice would not permit commercial encroachment on the subdivision. A real estate broker testified that the plaintiffs’ property is saleable for residential purposes.
The trial judge took the trouble to visit the property and considered a great deal of evidence. His final judgment denied the relief sought and it is as fully substantiated by the record in this case as was the decree affirmed by the Supreme Court of Florida in Wahrendorff v. Moore, Fla.1957, 93 So.2d 720. The legal principles governing this type of case, in which there simply is no single “right” answer that can satisfy all the parties, are there ably discussed by Mr. Justice Thornal and need not be reiterated. The record in this case discloses no departure from those principles.
Affirmed.
HOBSON, C. J„ and McNULTY, J., concur.