**ELENA FAULKNER TAPIA, Plaintiff**

v.

**ESONIA HASSEL and LOUIS HASSEL, Defendants**

Civil No. 230-1969

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

June 5, 1972

MICHAEL, *Judge*

OPINION

This is an action in which plaintiff prays for an injunction and damages against the defendants on the grounds

187

that, in direct violation of restrictive covenants contained in the deeds of the parties, the defendants have erected structures and presently maintain certain animals within the restricted area, despite repeated requests for removal, resulting in malodorous smells to the discomfort, annoyance and danger to the health of plaintiff, together with disturbing noises during the quiet hours of the evenings, and for damages, inconvenience, pain and suffering, and for encroachment on land belonging to plaintiff.

In answer, defendants deny that the properties of the parties are adjoining; deny all other allegations, and as an affirmative defense and counterclaim, enumerate certain acts and omissions by the plaintiff against the rights of the defendants, and as a consequence pray for a dismissal of plaintiff's complaint, an injunction prohibiting certain acts of the plaintiff, and for damages for said unlawful acts.

After trial, a view of the premises by the court, the entry of a stipulation by the parties to do and/or to refrain from doing all of the matters in controversy (leaving the question of the restrictive covenants contained in the deeds for determination of the court), and further evidence adduced by the defendants, to which the plaintiff had no objection, the matter was submitted to the court.

According to the deeds under consideration, both parties purchased their respective parcel on the same date, February 1, 1958, from the same grantor, Manassah Bus Line, Inc., of St. Thomas, Virgin Islands, the deed to the plaintiff being as tenants in common, and not as joint tenants, while the deed to the defendants was as tenants by the entirety and not as joint tenants.

The challenged restrictive covenants in both deeds are identical, and are as follows:

". . . and provided further that no chicken house or other building for the housing of animals or other similar building shall be

erected by either Emilio Mojica, Elena Faulkner, or the said Louis and Esonia Hassell or their heirs or assigns less than 20 feet from any boundary line on any of the lots herein mentioned."

The court finds by the evidence that the defendants have erected and maintain pigeon, rabbit and dog houses which are less than the 20 feet from the boundary line of the parties.

The defendants claim that the pigeon and rabbit houses are for breeding and selling purposes, the location where the two parties live having been zoned a commercial district in 1963, and that of the dog for purposes of security. They also claim that the character of the neighborhood has so changed that the purpose of the restriction cannot be accomplished and consequently is a cloud on the title.

The court also finds that while there has been some additional business established in the surrounding areas since the parties purchased their lots and built residential houses thereon, there has not been any radical change in the immediate surroundings that could be considered such a change in character thereof that the purpose of the restrictions between the parties cannot be accomplished. Dade County v. Thompson, 146 Fla. 66, 200 So. 212; Batman v. Creighton, 101 So.2d 587 (Fla. App. 1958).

It should be noted that the restrictions do not forbid the keeping or sale of any of the animals now possessed by defendants, nor the erection of houses for their keep, but rather that such houses be not less than 20 feet from the boundary line on any of the lots.

One does not have to wonder as to the purpose of both parties in agreeing to the mutual restrictions at the time they purchased the property. Obviously, it was to inure to the especial benefit of both, as they wished not to be disturbed by odours emanating from the droppings of chickens and other animals located in the buildings near to them, and therefore they considered a distance of 20 feet

away from the boundary line would effectuate their purpose.

There is no doubt that "court of equity, generally speaking, when interpreting a restriction, strictly construes the restriction because of the policy of the law to favor the free use of land, McClintook on Equity, sec. 127, pg. 346", as stated in defendants' Memorandum of Law. However, the case at bar is one of contract in which the parties entered into, and does not generally come under the above policy.

Contrariwise, "It is well settled that the zoning or rezoning of real property cannot in any way abolish, abrogate or enlarge lawful contractual covenants and restrictions pertaining thereto. Zoning ordinances regulate land uses through the use of police power in accordance with what is presumably a comprehensive plan for the entire community." Staninger v. Jacksonville Expressway Authority, 182 So.2d 483, 22 A.L.R.3d 950, 954.

Moreover, as said by Rothhopf on the "Law of Zoning and Planning", Chap. 74 sec. 1, "It is entirely divorced in concept, creation and enforcement and administration from restrictions arising out of agreement between private parties who may, in the exercise of their constitutional right of freedom of contract, impose whatever restrictions upon the use of their lands that they desire, such covenants being enforceable only by those in whose favor they run."

A "zoning ordinance cannot destroy, impair, abrogate or enlarge the force and effect of an existing restrictive covenant; that is, a valid restriction upon the use of property is not terminated, superseded, or nullified by the enactment of a zoning ordinance, nor is the validity of the restriction thereby affected." 20 Am.Jur. sec. 277, Notes 2, 3, & 4, pags. 837, 838.

In the case of Wahrendorff v. Moore, 93 So.2d 720, where the appellant sought cancellation of a single-family resi-

dence restrictions on a lot facing U.S. Highway No. 1 on the ground that "over the years conditions had so changed that the restrictions had become an unjustifiable burden on the use of their lot which the county zoning board had in the meantime zoned for business uses . . . citing the general development in the area, the tremendously increased traffic on U.S. Highway No. 1, and the fact that a motel had been constructed in violation of the restrictions on a part of the subdivision, the Florida Supreme Court said, inter alia, 'It is true . . . that the law favors the free use of real estate and restrictions on usage will customarily be construed. Nevertheless, such restrictive covenants are valid and will be recognized and enforced when established by contract between the parties involved.' "

By the above the court concludes as a matter of law that the plaintiff has no adequate remedy at law and is entitled to an injunction requiring the defendants and each of them to abate the nuisance complained of by removing within 45 days all structures housing animals within the 20-foot area from the southern boundary line of Parcel No. 31 Estate Contant.

As both parties have resolved their differences in other areas, each shall bear his own attorney's fees and costs.

Let Decree issue in accordance with this opinion.