John J. COMPIANO et al., Appellants,

v.

Charles F. KUNTZ et al., Appellees.

No. 2–56714.

Supreme Court of Iowa.

Feb. 19, 1975.

Herrick, Langdon, Belin & Harris, Joel D. Novak and Frederick C. Blackledge, Des Moines, for appellants.

Crawford, Clarke & Elliot, Des Moines, for appellees Crawford and Weir.

Neiman, Neiman, Stone & Spellman, Des Moines, for appellee Pearson.

Stewart, Wimer, Brennan & Joyce, Des Moines, for other appellees.

UHLENHOPP, Justice.

In this appeal we must decide whether § 614.24 of the Code applies to the facts. The litigation does not involve any zoning restrictions on the lots in question.

Section 614.24 provides:

No action based upon any claim arising or existing by reason of the provisions of any *deed* or *conveyance* or *contract* or *will* reserving or *providing for any* reversion, reverted interest or *use restrictions* in and to the land therein described shall be maintained either at law or in equity in any court to recover real estate in this state or to recover or establish any interest therein or claim thereto, legal or equitable, against the holder of the record title to such real estate in possession after twenty-one years from the recording of such deed or conveyance or contract or after twenty-one years from the admis-

sion of said will to probate unless the claimant shall, by himself, or by his attorney or agent, or if he is a minor or under legal disability, by his guardian, trustee, or either parent or next friend, shall file a verified claim with the recorder of the county wherein said real estate is located within said twenty-one year period. In the event said deed was recorded or will was admitted to probate more than twenty years prior to July 4, 1965, then said claim may be filed on or before one year after July 4, 1965. Such claims shall set forth the nature thereof, also the time and manner in which such interest was acquired. For the purposes of this section, the claimant shall be any person or persons claiming any interest in and to said land or in and to such reversion, reverter interest or use restriction, whether the same is a present interest or an interest which would come into existence if the happening or contingency provided in said deed or will were to happen at once. Said claimant further shall include any member of a class of persons entitled to or claiming such rights or interests. (Italics added.)

This statute is constitutional. Presbytery of Southeast Iowa v. Harris, 226 N.W.2d 232 (Iowa).

In 1950 John J. and Kathleen Compiano owned all the lots in Green Ridge Knolls Plat 2, Bloomfield Township, Polk County, Iowa. That year on June 1 they executed and on June 27 they recorded written "Building Restrictions" which stated inter alia that "John J. Compiano and Kathleen Compiano of Des Moines, Iowa, do hereby establish and place the following building restrictions on the premises owned by them [describing the lots]." The written Building Restrictions further stated that all lots shall be known and used solely as residential lots and that "no structure shall be erected on any residential building lot other than one detached single family dwelling not to exceed two stories in height and a one or two car garage." The instrument also stated, "These Covenants are to run with the land and shall be binding on the parties and all persons claiming under them until June 1, 1975, at which time said Covenants shall be automatically extended for successive periods of ten years unless by a vote of the majority of the then owners of the lots it is agreed to change the said covenants in whole or in part." Also, "If the parties hereto, or any of them, or their heirs or assigns shall violate or attempt to violate any of the Covenants or restrictions herein before June 1, 1975, it shall be lawful for any other person or persons owning any other lots in said development or subdivision to prosecute any proceedings at law or in equity against the person or persons violating or attempting to violate any such covenant or restrictions and either to prevent him or them from so doing or to recover damages or other dues for such violation."

By deeds, Compianos conveyed part of the lots on July 29, 1950, and conveyed the rest of the lots on August 28 of the same year. Each deed stated that it was subject to building restrictions of record. The only building restrictions of record are the ones we have described.

Subsequently, Compianos re-acquired two of the lots and defendants in this action acquired other lots in the plat. All deeds and contracts relating to the lots state that they are subject to building restrictions of record.

No verified claim has been filed with the county recorder under § 614.24 of the Code.

Compianos now propose to construct on their two lots a building which does not appear to conform to the restrictions. They assert that because no verified claim was filed within the statutorily-prescribed period, the restrictions are no longer enforceable. Defendants disagree. Compianos brought this declaratory judgment action to resolve the dispute.

The trial court correctly held that § 614.-24 relates to actions based upon claims arising out or existing by reason of "any deed

or conveyance or contract or will" providing for "use restrictions." The trial court further held, however, that the instant building restrictions do not arise or exist by reason of a "deed or conveyance or contract or will." Hence, the court held, § 614.24 does not apply and the restrictions remain in effect notwithstanding no verified claim was filed with the county recorder. Compianos appealed, urging that the restrictions arise and exist by virtue of a deed or conveyance or contract. Defendants argue to the contrary. We proceed, therefore, to that question as the one which the parties present for decision.

Involved here is an effort by the legislature to simplify title examination by shortening the title-search period. As stated in Report of Real Estate, Probate & Trust Law Section, A.B.A., 137 (1955):

The basic deficiency in the present system of conveyancing is the inordinate period of search required to establish title. The length of this period is directly attributable to the indefinite duration of permissible interests in land. No substantial amelioration in existing practice can be hoped for, therefore, until legislation is enacted altering positive rules of property law. Such legislation must be designed to place a clear-cut short-term limitation upon all interests in land other than the fee simple or those interests which can be established outside the general land records.

The statute we have under consideration resulted from efforts to shorten the title-search period in Iowa. Marshall, Iowa Title Opinions & Standards, § 12.3(E–1) at 77–78 (Supp.1970).

■■ The fundamental issue before us is whether we should apply § 614.24 narrowly or liberally. Our duty is to look to the evils the legislature sought to remedy and the purposes it sought to serve. Jahnke v. Incorporated City of Des Moines, 191 N.W.2d 780 (Iowa). Upon doing so, we find that we cannot narrowly or technically apply this statute or we would nullify the objective of limiting the title-search period. If we interpret § 614.24 narrowly, title searchers must in due caution go back to the original entry anyway and the section avails but little—the search period has not been shortened. Note, 47 Iowa L.Rev. 389, 394. Therefore we give the section liberal application. Chicago & N. W. Ry. v. Osage, 176 N.W.2d 788 (Iowa) (statutory words "any claim" and "any person" applied to municipality). See also § 4.2, Code 1973 (rule that statutes in derogation of common law are strictly construed has no application to the Code).

■■■ In the case at bar we have what the original restricting document calls covenants. Covenants are agreements or promises. Webster, Third New International Dictionary (1969). The agreements or promises here are to use real estate for certain purposes only. Such promises may be made in a variety of ways, as (a) by a single restricting instrument in which lot owners join, or (b) by a landowner's series of deeds containing restrictions on lots in a tract, or, as here, (c) by a landowner's restricting instrument on lots in a tract followed by deeds to those lots. The result is the same in all these forms of restriction: the lot owners promise each other to use their lots in conformity with the restrictions. 20 Am.Jur.2d Covenants, Conditions & Restrictions §§ 169–175 at 728–738; 26 C.J.S. Deeds § 162(1) at 1083. The times at which the promises arise, however, vary with the form in which the promises are made. If as here a restricting instrument on several lots is made by the original owner, followed by deeds to the lots, the promises do not arise until the first deed is given. Until that time the original owner may withdraw the restrictions. 20 Am. Jur.2d Covenants, Conditions & Restrictions § 179 at 742; 26 C.J.S. Deeds § 167(2) at 1145.

■ When the original restricting instrument was first recorded, Compianos had power to withdraw the restrictions. But on July 29, 1950, they conveyed some of the

lots. The restrictions thereupon became binding—covenants by each person who owned a lot to use his lot in accordance with the restrictions stated in the master instrument. Wahrendorff v. Moore, 93 So.2d 720 (Fla.); Wischmeyer v. Finch, 231 Ind. 282, 107 N.E.2d 661. The restrictive covenants were agreements or promises and therefore contractual. Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla.) (restrictive covenants arise out of contract); Levy v. Dundalk Co., 177 Md. 636, 11 A.D.2d 476 (contract arises by acceptance of deed); Weinstein v. Swartz, 3 N.J. 80, 86, 68 A.2d 865, 867 ("A restrictive covenant is a contract."); Urban Farms, Inc. v. Seel, 87 N.J. Super. 177, 208 A.2d 434 (same); Freedman v. Lieberman, 2 N.J.Super. 537, 64 A.2d 904 (restriction arises out of contract).

 Whether by virtue of the restricting instrument and the deeds the grantees here also had a proprietary interest in each others' lots, arising by a "deed" or "conveyance," we need not ponder. See Thodos v. Shirk, 248 Iowa 172, 79 N.W.2d 733. We find consideration of only the statutory word "contract" to be necessary. We construe that word according to the approved usage of the language. Code 1973, § 4.1(2). "Contract" means "an agreement between two or more persons or parties to do or not to do something." Webster's Third New International Dictionary (1969). Giving § 614.24 liberal interpretation in order to effectuate its purpose, we hold that the promises which the owners mutually made by accepting their deeds come within the definition of the word contract.

Were we to hold that a "contract" exists under § 614.24 in case grantees restrict their lots by signing a single restricting instrument, but that a "contract" does not exist under § 614.24 in case an original owner records a restricting instrument and grantees thereafter accept deeds and thereby bind themselves to the restrictions, we would exalt form over substance, for the grantees have contracted in either case. We, would also frustrate the statutory design of shortening the title-search period.

We thus hold that § 614.24 applies. Since a verified claim was not recorded within the prescribed time, the restrictions are no longer effective.

Reversed.

All Justices concur except REES, REYNOLDSON and HARRIS, JJ., who dissent.

REES, Justice (dissenting).

I respectfully dissent.

The majority applies § 614.24, The Code, to preclude defendants from enforcing restrictive covenants against plaintiff adjacent property owners. Ironically, these same plaintiffs who would avoid the covenants because defendants failed to comply with the statute are the very persons who created them in the first place.

For the reasons stated in my dissenting opinion in Presbytery of Southeast Iowa v. Harris, 226 N.W.2d 232 (Iowa 1975), I am satisfied § 614.24 is unconstitutional. The majority here extends the reach of that statute on the premise it must be applied liberally to insure the objective of limiting the title search period. I think that rationale is unfortunate.

The true issue here as in *Presbytery* is due process, not which result will best effectuate a legislative purpose. With that in mind, it seems elementary to me § 614.24 must be applied, if at all, in the narrowest possible manner. Only those interests clearly and specifically covered by the statute should be subject to divestiture for a failure to file.

Trial court correctly held valid the restrictive covenants in question here. It should be affirmed. If not unconstitutional on its face, and I think it is, § 614.24 is unconstitutional as applied.

I would affirm trial court.

REYNOLDSON and HARRIS, JJ., join in this dissent.