CALAMUS COMMUNITY SCHOOL DIS-
TRICT IN CLINTON COUNTY, Iowa,
Appellee, Cross–Appellant,

v.

Glenn RUSCH and Jean Rusch, Husband
and wife, Appellants, Cross–Appellees.

No. 64388.

Supreme Court of Iowa.

Dec. 17, 1980.

Matt K. Wolfe, Clinton, for appellants, cross-appellees.

Wayne Newport of Newport & Buzzell, Davenport, for appellee, cross–appellant.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

HARRIS, Justice.

This quiet title action arose from a dispute over the ownership of the site of an abandoned schoolhouse. Plaintiff is the school. Defendants are owners of the abutting land from which the site was taken. The trial court held for the school and we agree.

Defendants negotiated for the property after it was abandoned for school purposes in 1966 and in 1967 paid $200 down on its purchase. A dispute then developed on the total purchase price. The school agreed to sell for $1700; defendants insisted the agreement was for $1500. Without resolving the dispute defendants apparently with the school's permission, entered the property August 15, 1967, and remain in possession.

 Defendants' negotiations to purchase were abandoned by the defendants when they learned of the instrument by which the school took possession of the property in 1860. Defendants believe they

hold a reversionary interest in the site in their own right and need not purchase it. They have since claimed ownership only on that basis. At no time have the defendants asserted any reversionary right by reason of section 297.15, The Code 1979. They do not claim to have complied with the requirements under this section and this failure to comply forfeits any statutory reversionary right. *Consolidated School Dist. v. Thompson*, 194 Iowa 662, 668, 189 N.W. 803, 805-06 (1922).

Defendants' claim of a reversionary interest in the school site dates from 1860. At that time record title to the land, including both the site and the abutting farm which defendants now own, was in Joseph Harden. On April 25, 1860, an instrument called a "lease," describing the schoolhouse site, gave the property to Olive Township, "to have and hold during the time it should be used for school purposes." Plaintiff school acquired Olive Township's interest. The 1860 lease was signed, not by Joseph Harden, but by Joseph Harding as lessor.

The surrounding farmland through various conveyances came to be owned by defendants' family in 1940. In 1967 it was conveyed to the defendants. The schoolhouse site, comprising one-half acre, was used for school purposes until May of 1966.

I. In holding that the claimants had lost their rights, the trial court applied the stale uses and reversions statutes, section 614.24, The Code 1979. *See generally* Ryman: *The Iowa "Stale Uses and Reversions Statute": Parameters and Constitutional Limitations*, 19 Drake L.Rev. 56 (1969). We held this section constitutional in *Presbytery of Southeast Iowa v. Harris*, 226 N.W.2d 232, 242–43 (Iowa 1975), *cert. denied*, 423 U.S. 830, 96 S.Ct. 50, 46 L.Ed.2d 48 (1975). We interpreted the section and applied it in *Compiano v. Kuntz*, 226 N.W.2d 245 (Iowa 1975). The section is quoted in *Presbytery v. Southeast Iowa*, 226 N.W.2d at 235 and in *Compiano*, 226 N.W.2d at 246–47, and need not be set out in full here. Insofar as

material here, the section bars action on any claim rooted in a contract for a reversion against the holder of the record title in possession when the instrument in which such claim is rooted was recorded more than twenty years before July 4, 1965, unless the claim was filed on or before one year after July 4, 1965.

Defendants argue that the section cannot apply here and that adverse possession cannot run against the school because the school's possession of the property was not hostile to the existence of the reversionary right. The argument misses the point. As explained in *Compiano*, 226 N.W.2d at 248, the purpose of the statute is to simplify title examination by shortening the title search and that purpose is to be furthered by applying the statute liberally. Here the reversion restricting the title of the school became ineffective when those claiming under it failed to file their claim within one year after July 4, 1965.

The trial court properly applied section 614.24. Defendants' reversionary interest was cut off by operation of the section.

II. The school cross-appeals from the trial court's finding that it failed to establish its damages for loss of rents. The school offered no evidence on the question and relies entirely on an admission by defendant Glenn Rusch that, at time of trial, defendants received $100 per month rentals. There was no testimony about how long the rents had been received.

The trial court pointed out that defendants had not been deposed on the question or alerted by subpoena that testimony on rentals would be expected of them. In its ruling the trial court expressly found that the defendants were being truthful in saying they could not give an accounting at trial.

We agree that the school failed to establish a fair rental on the property.

AFFIRMED ON BOTH APPEALS.