COWART, Judge,
dissenting:
The trial court refused to enforce deed restrictions finding that the defendants had *466 established their affirmative defense that material and substantial changes in the use and character of the neighborhood of the restricted land had frustrated the object of the deed restrictions to the extent that they were no longer enforceable in equity against the defendant’s property. The issue presented was a question of fact to be determined by the trial judge. Wilkes v. Kreutler, 157 So.2d 194 (Fla. 2d DCA 1963). The trial judge expressly found that material changes had occurred in the neighborhood both before and after[1] the purchase by appellees. As was said in Acopian v. Haley, 387 So.2d 999, 1001 (Fla. 5th DCA 1980), rev. denied, 392 So.2d 1375 (Fla.1981), “[hjowever, many of the changes in the surrounding neighborhood occurred after appellees acquired title, so any error in considering prior changes is harmless.” There is ample substantial competent evidence supporting the trial court’s findings including the testimony of witnesses, the zoning of the property commercial by the zoning authority,[2] and a “view” of the area by the trial judge.
This was not an action by the Bankses to have the restrictive covenant declared to be unenforceable.[3] The initial burden of proof in this case was on the Lancasters who brought this action to enforce the restrictive covenant. Even if that were not so, after the Bankses made an initial showing that such material changes toward commercial use had occurred as frustrated the purpose of the residential restrictions, the burden of proof and persuasion would have shifted to the Lancasters to establish that the restriction on the Bankses’ lot still had “substantial” value to the Lancasters. It was in recognition of this burden that the Lancasters brought in a real estate appraiser to testify. The trial court’s rejection of their expert’s testimony left the Lancasters without needed proof. The Bankses never had any burden of proof as to any “value impact” on the Lancasters’ lot.
I cannot agree with a holding that, as a matter of law, a particular judge looking at a developed area cannot, as a matter of fact, distinguish improvements made after a particular date from those made before *467 that date. In a particular instance the difference could not only be apparent, it could be obvious. The trial court’s finding of fact comes to the appellate court clothed with a presumption of correctness and if, as here, it is supported by competent substantial evidence it should be affirmed.

.When an original common plan or scheme for a residential subdivision is effectuated by mutual covenants restricting lots to residential use and that original plan has in fact been frustrated and the character of a neighborhood of restricted land has materially changed because substantial actual commercial use has occurred with the acquiescence of dominant lot owners, it is usually held that within the area of the changed neighborhood the deed restrictions have become obsolete and outmoded and are no longer enforceable in equity. See Annot., "Change of neighborhood in restrictive district as affecting restrictive covenant ...," 4 A.L.R.2d 1111 (1949). After that stage of change has occurred, the commercial usage is permitted and restrictive covenants are no longer enforceable against land within the changed area. If one owning a lot before and during the change to commercial use builds a store and makes commercial use of his lot, can he not sell it to a stranger who can continue the commercial use? Obviously, the answer is "yes." With all respect due to those who hold a different view in that situation it makes absolutely no legal sense to hold that the outmoded restrictive covenant cannot be enforced against a lot owner who owned his lot during or before the time the general neighborhood change occurred but that the covenant can still be enforced against lot owners who acquire title after the neighborhood change is complete or nearly complete. Restrictive covenants are not personal, they run with the land not the man. If restrictions have become obsolete and unenforceable against a particular area of land, they are obsolete and enforceable against anyone owning or using lots within the changed area without regard to the status of the owner or user. Query: Can the later purchasing lot owner reconvey the lot back to his immediate or remote grantor who owned the land before the commercial change occurred and that prior owner then use the property for commercial purposes? If so, then why cannot that owner sell the commercially used lot to a stranger who can continue the commercial use? Although the dissent in Wood v. Dozier, 464 So.2d 1168 (Fla.1985), is not authoritative law, it is the far better view. A legal point is never settled until it is settled right and this point has not yet been settled correctly in Florida.

. “Zoning changes are not conclusive of changed conditions, but are merely evidence to be considered along with other evidence to determine whether or not the changed conditions are such as to make ineffective the original purpose of the restrictions." Acopian v. Haley, 387 So.2d 999, 1002 (Fla. 5th DCA 1980), rev. denied, 392 So.2d 1375 (Fla.1981).

. See, e.g., Osius v. Barton, 109 Fla. 556, 147 So. 862, 88 A.L.R. 394 (1933).