MAE HALVORSON, appellee, v. CITY OF DECORAH, appellant, and MRS. LESLIE SCHRUBBE (not appealing).

No. 51641.

(Reported in 133 N.W.2d 232)

454

Miller & Pearson, of Decorah, for City of Decorah, appellant.

Paul D. Strand, of Decorah; for Mae Halvorson, appellee.

Peterson, J.—On April 30, 1964, plaintiff filed petition at law against defendants claiming that on March 5, 1963, she fell on a public sidewalk in the City of Decorah in front of a building owned by defendant Mrs. Leslie Schrubbe. Plaintiff alleged the public sidewalk in front of the Schrubbe building is approximately eight feet in width and constructed of concrete. Snow had been falling in the City and plaintiff alleges that it had melted and thawed and became rough, jagged, uneven and unnatural. She alleges defendants permitted said condition to exist for an unreasonable length of time. She states that she fell on the sidewalk, by reason of the ice and snow and received severe and permanent personal injuries.

Plaintiff sued the City of Decorah in Division I of her petition and Mrs. Leslie H. Schrubbe in Division II of the petition. As to defendant Schrubbe she alleged that a corner of the cement was sticking above the surface of the sidewalk, causing quantities of snow and ice to accumulate, which would not accumulate except for an unrepaired defect in the sidewalk.

Plaintiff attempts in Division I of her petition against the City to show a waiver of the provisions of Code section 614.1(1), 1962. The first general statement and paragraph 1 of 614.1 are as follows:

"614.1 Period of. Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:

"1. *In actions for injuries from defects in roads or streets— notice.* Those founded on injury to the person on account of defective roads, bridges, streets, or sidewalks, within three months, unless written notice specifying the time, place, and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days from the happening of the injury."

Rule 56, Rules of Civil Procedure, provides in paragraph (*h*) that service of notice upon an incorporated city shall be made as follows: "Upon any city or town by serving its mayor or clerk."

On May 12, 1964, City of Decorah filed a motion to dismiss, the principal and pertinent ground of which was that plaintiff had failed to give notice to the City within sixty days after the occurrence of the event in accordance with section 614.1(1) of the 1962 Code.

On June 12, 1964, the trial court filed its order and ruling sustaining defendant City's motion to dismiss.

On June 24, 1964, plaintiff filed amendment to her petition setting out more in detail the fact of her husband having talked to a member of the city council and having talked to defendant City's insurer.

In the amendment plaintiff also described in greater detail the sidewalk in front of defendant Mrs. Schrubbe's building and the exact accumulation of snow and ice, which appeared upon the sidewalk.

On June 29, 1964, defendant City of Decorah filed a motion to dismiss Division I of plaintiff's petition, again alleging that the allegations made by plaintiff as to service of notice upon the City did not comply with the provisions of section 614.1(1).

On August 4, 1964, the trial court filed ruling on the motion of the City of Decorah as to dismissal of Division I of plaintiff's petition, sustaining the motion to dismiss. In connection with the ruling upon said motion the trial court cited the case of Heck v. Knoxville, 249 Iowa 602, 610, 88 N.W.2d 58, in which decision

this court stated: "There is little if any dissent from the view that individual officers or agents of the city, other than its governing body, have no power to waive such a statutory provision."

On August 31, 1964, defendant Mrs. Leslie Schrubbe filed a motion to dismiss Division II of plaintiff's petition on the basis that the allegations of said petition and amendment thereto did not constitute a cause of action against Mrs. Schrubbe.

On September 29, 1964, the trial court filed a ruling on such motion, sustaining same.

The matter of a motion for leave to amend was presented to the court ex parte and the court granted such leave and stated that "it is in the best interest of justice" that such amendment be permitted. Defendant secured an order of this court granting authority to appeal from this interlocutory order in accordance with the provisions of rule 332, R. C. P.

At this point we arrive at the only question involved in the case at bar. Appellant contends plaintiff did not comply with the Rules of Civil Procedure as to the filing of the motion for leave to amend and the proposed amendment. The provision of the rules which appellant contends has been violated appears in rule 86, R. C. P., as follows: "Unless otherwise provided by order or ruling, such party shall file such further pleading within seven days after such mailing or delivery; and if such party fails to do so within such time, he thereby elects to stand on the record theretofore made. On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order; * * *."

If therefore plaintiff does not file a pleading or an amendment within seven days after the ruling of the court as provided in rule 86 "he thereby elects to stand on the record theretofore made."

The failure of plaintiff to plead amounted to a final adjudication under rule 86. After the adjudication became final at the end of the seven-day period any amendment by plaintiff was unallowable. We considered and decided the matter clearly in Dvorak v. Dvorak, 244 Iowa 1113, 60 N.W.2d 88, and we also reaffirmed it in Winneshiek Mutual Insurance Assn. v. Roach, 257 Iowa 354, 132 N.W.2d 436.

There is a purpose in our Rules of Civil Procedure. This court has general jurisdiction over the courts and their procedure over the state. Section 4 of Article V of the Iowa Constitution states: "The Supreme Court shall have appellate jurisdiction * * * and exercise a supervisory control over all inferior Judicial tribunals throughout the State." We have given the matter of rules for the simplification and prompt attention to civil procedure our diligent attention, especially in the last twenty years. We have had a very busy and able committee which has assisted the court by making suggestions as to rules which will assist in the matter of justice. It has been properly said at times in the past that justice delayed oftentimes results in justice denied. After the rules have been promulgated and announced they should receive attention and use by the Bench and the Bar. Violation of the rules from time to time, in fact, nullifies them and it is important after we have announced the rules that they receive proper attention by all courts and lawyers.

In the case at bar under the rules if plaintiff wanted to amend she should have amended within the seven days. If she needed more time, for any reason, her counsel should have filed application for more time prior to the expiration of the seven days. That is, in fact, what rule 86, supra, means. In the interest of justice a trial court may grant additional time for the filing of amendments, but such application for such additional time should be filed by the litigants within the seven-day period.

For such reason the order of the trial court granting additional time and permitting plaintiff to amend petition was contrary to the rules of this court and the order of the trial court is reversed.—Reversed.

All JUSTICES concur.