THE 1967 SENIOR CLASS OF PEKIN HIGH SCHOOL et al., appellants,
v. C. ELDON THARP et al., appellees.

No. 52607.

(Reported in 154 N.W.2d 874)

DECEMBER 12, 1967.

Rowe & Rowe, of Fairfield, and Life, Davis & Life, of Oskaloosa, for appellants.

Bailey C. Webber, of Ottumwa, for appellees.

MOORE, J.—This is a replevin action brought by five members of the senior class of Pekin High School against the school board and certain school officials claiming the right of immediate possession to funds held by defendants in the amount of $729.22. The caption of the petition indicates the 1967 Senior Class of Pekin High School is a plaintiff. The allegations of the petition, however, clearly state the plaintiffs are five members of the class and ask they be given immediate possession of the funds involved. Our reference to plaintiffs is therefore to the five individuals named in the caption who being minors brought this action by their next friends.

Plaintiffs' original petition alleges they are members of the 1967 Senior Class of Pekin High School; they are entitled, as absolute owners, to the immediate possession of the senior class funds in the amount of $729.22; demand therefor had been made upon defendants who had refused to turn over said funds to plaintiffs; said funds had been acquired by payment of dues into the class fund and profits from sale of magazines by the class and that defendants retain said property under a claim they have a right to state how said property should be disposed of although defendants claimed no ownership.

The prayer asks that a writ of replevin issue and said property be immediately seized and delivered to plaintiffs and for judgment confirming their right to possession.

Defendants' attack included a motion to dismiss the petition at plaintiffs' costs for the following reasons:

"1. No affidavit is filed in support of the purported class action as required by R.C.P. 44.

"2. The petition states no ultimate fact, but only a legal conclusion as to immediate right of possession to the claimed assets described in Paragraph 2, and rather alleges in Para-

graph 7 that said funds were paid into a class fund by dues and funds derived from sale of magazines by the class of 1967, and said petition states no ultimate facts entitling plaintiffs or any of them to immediate possession of said fund, or any portion thereof.

"3. The petition is for a fund of money, but alleges no fact showing segregation and identification of said fund sufficient to support a petition for replevin of the money, specifically segregated and set aside or specially identified; and by reason of which, an action of replevin does not lie.

"4. That said petition, and ultimate facts stated therein, do not plead a cause of action against the defendants or any of them."

Plaintiffs then filed an amendment to their petition alleging the funds had been turned over to the school superintendent and remained as particularly identifiable in a special account used in normal accounting procedures. They made a part of this amendment copies of the Pekin Community School District accounting sheets. One showed how different amounts had been raised and spent by the class over a period of three school years. Another showed the class money was carried on a general account record with hot lunch and many other activities funds. The total was deposited in three banks in the area in different amounts but no attempt was made to designate any deposit as that held in any particular fund. In other words the senior class money was commingled with hot lunch and other activities money and deposited in the banks. The class money was not held and deposited as a separate fund.

█ I. The trial court overruled grounds 1, 2 and 4 of defendants' motion to dismiss but sustained the motion on ground 3 thereof. Plaintiffs failed to plead further within seven days and dismissal of their petition became a final adjudication in the trial court. Rule 86, Rules of Civil Procedure; Winneshiek Mutual Ins. Assn. v. Roach, 257 Iowa 354, 359, 360, 132 N.W.2d 436, 439, 440; Halvorson v. City of Decorah, 257 Iowa 453, 456, 133 N.W.2d 232, 233.

II. Plaintiffs have appealed from dismissal of their petition. Defendants have cross-appealed. Defendants assert

542

grounds 1, 2 and 4 as well as ground 3 were valid grounds for sustaining their motion to dismiss.

■ Taking of a cross-appeal by defendants was unnecessary and we decline to consider it as such. We are firmly committed to the view the successful party may, without appealing, save the judgment if error was committed against him which, if corrected, will make the result reached in the trial court a right result. Brandt v. Schucha, 250 Iowa 679, 682, 96 N.W.2d 179, 181; Kroblin Refrigerated X Press Inc. v. Ledvina, 256 Iowa 229, 233, 127 N.W.2d 133, 136; Re Condemnation of Land (Carroll County), 256 Iowa 380, 385, 127 N.W.2d 566, 569.

■ III. The immediate right to possession is the gist of a replevin action and whatever be the right or want of right of defendants, if plaintiffs be not entitled to present possession they cannot prevail. Ritchie v. Hilmer, 251 Iowa 1002, 1004, 103 N.W.2d 858, 859, and citations.

■ ■ Plaintiffs were required to plead the necessary elements of their claim of right to immediate possession of the property sought. Section 643.1, Code 1966, provides that, in an action for replevin, the petition must state, "A particular description of the property claimed." As asserted in ground 3 of the motion to dismiss, the trial court held plaintiffs failed to comply with this statutory requirement. We agree.

■ The general rule is that money is not the subject of an action of replevin unless it is so marked or labeled as to be capable of identification. It must be specific identifiable money. Eller v. Myers, 229 Iowa 114, 119, 294 N.W. 232, 233, 234; 77 C.J.S., Replevin, section 12, page 19; 46 Am.Jur., Replevin, section 18, page 13. In Spear v. Arkansas National Bank, 111 Ark. 29, 31, 163 S.W. 508, 509, it is stated: "Replevin is not an action for the collection of debt, but upon the contrary is a possessory action for the recovery of specific personal property. * * * The rule is well settled that replevin will not lie for money incapable of specific identification. * * * 'Money is not the subject of an action of replevin, unless it is marked or designated in some manner so as to become specific as regards the power of identification, such as being in a bag or package.' "

The facts in the case at bar are analogous to those in Eller

v. Myers, supra, in which plaintiff sought possession of the funds of a judgment in his favor which had been paid to the clerk of court and held in a general fund. We there held the allegations did not meet the requirement of description of specific identifiable money and affirmed dismissal of the petition. Our holding in Eller requires affirmance of the trial court's ruling based on ground 3 of the motion to dismiss.

Plaintiffs rely heavily on Eaton v. Blood, 201 Iowa 834, 208 N.W. 508, 44 A.L.R. 1516, in which plaintiff was allowed in a replevin action to obtain possession of a promissory note, mortgage, four Liberty bonds, a passbook and a savings account. It was admitted in the answer defendant received and had in his possession the property described in the petition. The defense was a denial plaintiff was entitled to possession of the property. This case is readily distinguishable from the case at bar on the issues raised and submitted to the trial court.

IV. Our affirmance on plaintiffs' appeal makes consideration of defendants' other contentions unnecessary.

Dismissal of plaintiffs' replevin action by the trial court is affirmed without prejudice to any right they may have to bring some other action.

Affirmed on plaintiffs' appeal. Defendants' cross-appeal dismissed.

All JUSTICES concur.