**Nannie BATY and Lloyd Baty,
Appellees,**

v.

**Troy BINNS and Alma Binns,
Appellants.**

No. 83–1102.

Supreme Court of Iowa.

Sept. 19, 1984.

Kenneth L. Keith and Lloyd E. Keith of Dull, Keith & Beaver, Ottumwa, for appellants.

W.T. Barnes of Barnes & Orsborn, P.C., Ottumwa, for appellees.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, CARTER, and WOLLE, JJ.

CARTER, Justice.

Defendants and plaintiff Nannie Baty appeal from judgment for plaintiffs in an automobile negligence action. The primary issue on appeal is whether the doctrine of pure comparative negligence established in *Goetzman v. Wichern,* 327 N.W.2d 742 (Iowa 1982), must be applied to a case tried to the court before that decision was filed but decided after it was filed. The district court held that it must. We affirm the district court on both appeals.

The action is based on a collision between an automobile driven by plaintiff, Nannie Baty, and an automobile owned by defendants. The collision occurred on September 15, 1972. Nannie Baty sustained personal injuries and medical expenses as a result of the collision. The present action was filed on July 29, 1974, but was not tried until November 9, 1982. Trial was completed on that date, and the case was submitted to the court.

On December 22, 1982, our decision in *Goetzman* was filed. On April 11, 1983, the trial court filed findings of fact and conclusions of law in which it determined that Nannie's own negligence was a proximate cause of the injuries for which she was seeking recovery and that her claim was therefore barred. The defendants' driver was also found to be negligent, and they were held to be liable to plaintiff, Lloyd Baty, with respect to his claim for loss of consortium.

In a motion filed pursuant to Iowa Rule of Civil Procedure 179(b), Nannie asked the court to alter its conclusions of law so as to apply the *Goetzman* doctrine of pure comparative negligence in deciding her claim and to expand its findings of fact so as to determine the proportionate share of causative negligence attributable to Nannie and defendants' driver. On July 13, 1983, the trial court granted that motion and determined that the *Goetzman* doctrine of pure

comparative negligence was applicable in adjudicating Nannie's claim.

In applying *Goetzman*, the trial court made expanded findings of fact wherein Nannie was determined to be responsible for twenty percent of the causative negligence which produced the collision and her resulting injuries. The court found that she had sustained injuries and medical expenses in the sum of $22,500, which, under the *Goetzman* doctrine, produced a recovery on her part of $18,000. The judgment previously entered on Lloyd's consortium claim was left undisturbed.

On appeal, the defendants contend that the trial court erred in applying a legal position asserted by Nannie for the first time in a post-trial motion. Nannie responds that the court only acted to correct its initially erroneous decision. On her own appeal, she asserts that, in any event, there was a lack of substantial evidence to support a finding of any causative negligence on her part. We consider these issues separately.

### I. *Defendants' Appeal.*

In urging that the trial court erred in granting Nannie's post-trial motion, defendants rely on language in *Goetzman*, 327 N.W.2d at 754, where we state:

> We conclude that the doctrine shall apply to (1) the present case, (2) all cases tried or retried after the date of filing of this opinion, and (3) all pending cases, including appeals, in which the issue has been preserved.

Defendants argue that the present case does not fit within any of the three categories of cases to which *Goetzman* was made applicable. As to the first two categories, the defendants are clearly correct. Nannie must therefore qualify for *Goetzman* treatment, if at all, under the third category specified above.

The resolution of defendants' claims depends entirely on the interpretation to be placed on the language from *Goetzman* which we have quoted above. In *Great Northern Railway Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 364, 53 S.Ct. 145, 148, 77 L.Ed. 360, 366 (1932), the Court

observed that "[a] state [court] in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward." We applied this principle in *State v. Leonard*, 243 N.W.2d 75, 84 (Iowa 1976).

The defendants do not dispute that the present action was "pending" when the *Goetzman* decision was filed. They assert, however, that no issue involving comparative negligence was raised by Nannie prior to the trial court's April 11, 1983 decision. Such failure on her part may not be obviated, defendants contend, by means of a post-trial motion. We considered a somewhat similar issue in *Osborne v. Iowa National Resources Council*, 336 N.W.2d 745, 747–48 (Iowa 1983), where we refused to consider an issue which was raised for the first time in a motion under rule 179(b). We stated that an issue would not be considered on appeal unless it was "raised as an issue in some manner prior to a final ruling by the district court."

■ In applying the *Osborne* language to the present case, we conclude that the legal consequence of Nannie's negligence was raised as an issue prior to the April 11, 1983 adjudication by the court. The defendants had specifically asserted that the legal consequence of such negligence worked to bar her claim. Nannie at no time conceded the validity of this affirmative defense either as to the facts or the law. To the extent that the consequence of her negligence was an issue in this pending case, it should have been decided under the law in effect at the time the adjudication was made. Had the change in law materially affected the manner in which the lawsuit was tried, as is not contended here, the appropriate remedy would have been to reopen the evidence, rather than to apply the overruled case law.

■ Unlike a jury trial where the parties are apprised of the law of the case by means of the court's proposed instructions and required to object at a prescribed time in order to preserve error, a party in a

nonjury proceeding may challenge an erroneous conclusion of law embodied in a final decision after the decision is rendered. *Kernodle v. Commissioner of Insurance,* 331 N.W.2d 132, 134 (Iowa 1983). We conclude that Nannie's motion under rule 179(b) was a proper method of raising the *Goetzman* issue in the present case and that the trial court correctly determined that its original findings and conclusions had been erroneous.

II. *Plaintiff's Appeal.*

On Nannie's appeal, she urges that there is a lack of substantial evidence in the record to support a finding that she was negligent in any manner which proximately caused the injuries for which she seeks to recover. The trial court found that she was negligent in failing to keep a proper lookout and in failing to have her vehicle under control. The evidence in support of that finding was that after she had observed defendants' automobile approaching the highway in front of her from a driveway, she reduced her speed but again increased that speed based upon her assumption that the defendants' driver would stop before proceeding onto the traveled roadway. Reasonable minds could differ with respect to the validity of that assumption based upon the circumstances surrounding the movement of defendants' vehicle.

Evidence is substantial for purposes of sustaining a finding by the trier of fact when a reasonable mind would accept it as adequate to reach a conclusion. *Hawk v. Jim Hawk Chevrolet-Buick, Inc.,* 282 N.W.2d 84, 87 (Iowa 1979). The possibility of drawing two inconsistent conclusions from the same body of evidence does not prevent a finding from being supported by substantial evidence. *City of Davenport v. Public Employment Relations Board,* 264 N.W.2d 307, 311 (Iowa 1978). Application of the foregoing principles in this law action mandates that the findings of the trial court are binding upon this court in the determination of the issues of negligence and proximate cause. Iowa R.App.P. 14(f)(1). We have considered all issues presented and find no ground upon which to reverse the trial court's judgment on either appeal.

AFFIRMED ON BOTH APPEALS.