Carroll TIGGES, As Administrator of the Estate of Roger D. Tigges, Deceased, Appellee,

v.

CITY OF AMES, A Municipal Corporation, Appellant, and Wayne W. Nathem, Appellee.

and

CITY OF AMES, A Municipal Corporation, Appellant,

v.

WAYNE'S EXCAVATING, JoAnn E. Nathem, Wayne W. Nathem and Wayne's Excavating, Ltd., Appellees.

No. 83–469.

Supreme Court of Iowa.

Oct. 17, 1984.

Stephen M. Terrill of Maurer & Terrill, Ames, and Robert G. Allbee, L.W. Rosebrook and Richard W. Hoffmann of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellant.

Max E. Kirk and William C. Ball of Ball, Kirk & Holm, Waterloo, for appellee Administrator.

John B. Grier of Cartwright, Druker & Ryden, Marshalltown, for appellees Nathems and Wayne's Excavating.

SCHULTZ, Justice.

In the summer of 1978 Roger D. Tigges, an employee of Wayne's Excavating, was killed in a tragic accident caused by a cave-in at a sewer construction project in the city of Ames. The administrator of Tigges' estate brought a wrongful death action against the City of Ames and Tigges' supervisor on the work project, Wayne Nathem (Wayne), charging the City with negligence and Wayne with gross negligence. The construction contract with Wayne's Excavating was executed solely by JoAnn E. Nathem. Joann E. Nathem and Wayne are husband and wife, and Wayne was the general foreman on the construction project. Wayne maintains Wayne's Excavating is a partnership, and he and JoAnn are partners. Wayne, as an alleged partner, challenged the subject matter jurisdiction of the district court claiming that the industrial commissioner had exclusive jurisdiction. On the subject matter jurisdiction question, both plaintiff and the City deny the existence of the partnership and maintain Wayne's status is that of an employee.

Relying on its written contract with Wayne's Excavating for construction of the sewer, the City filed a third-party petition against Wayne's Excavating, JoAnn E. Nathem, Wayne, and Wayne's Excavating, Ltd. Contrary to its position on the issue of subject matter jurisdiction, the City alleged that the third-party defendants were general partners in a partnership known as Wayne's Excavating and also claimed Wayne's Excavating, Ltd., was a successor in interest to the partnership. Without deciding any issue and only for the sake of brevity when discussing the third-party action, we shall refer to the third-party defendants as the contractor.

This third-party petition was dismissed upon motion; however, the City filed a second third-party petition against the contractor which survived a motion for summary judgment and raised issues which were submitted at trial. Following a jury trial the trial court entered a judgment in favor of the administrator against the City for $93,000 and dismissed the third-party petition.

Trial commenced on January 25, 1983, shortly after our adoption of comparative negligence in *Goetzman v. Wichern,* 327 N.W.2d 742 (Iowa 1982). The pleadings and jury instructions were amended to submit the case under comparative negligence principles, and the jury rendered a verdict in the form of answers to special verdicts rather than a general verdict. The jury apportioned the fault of all of the parties as follows: Decedent—7 percent ordinary

negligence; City of Ames—8 percent ordinary negligence; Wayne—57 percent gross negligence; and Wayne's Excavating—28 percent ordinary negligence. The jury found that the estate was damaged in the amount of $100,000. The court submitted Wayne's requested instruction, although not in the same form, on the factual issue of whether Wayne was a partner in Wayne's Excavating. In answer to this question, the jury responded by indicating "no."

A few days later the trial court entered a judgment order. Upon determining that the jury did not include Wayne's individual negligence in assessing the negligence of Wayne's Excavating, the court totaled the two amounts and determined that Wayne's Excavating was responsible for a total of 85 percent of the fault. The trial court also refused to accept the jury's special determination that Wayne was not a partner, although it acknowledged there was ample evidence in the record to sustain the finding of the jury. As a partner in Wayne's Excavating, Ltd., the court determined that Wayne was an employer of the decedent and that the court lacked subject matter jurisdiction over him in a suit by an employee pursuant to Iowa Code section 85.20 and under our holding in *Iowa Power & Light Co. v. Abild Construction Co.*, 259 Iowa 314, 144 N.W.2d 303 (1966). In entering judgment against the City the court reduced plaintiff's damages 7 percent, the amount of decedent's negligence, and entered judgment against the City for $93,000. Finally, the court dismissed the City's cross-petition against the contractor for indemnity.

On appeal the City places in issue the correctness of the dismissal of both of its third-party petitions and the holding that Wayne was a partner rather than a fellow employee. Plaintiff also cross-appeals on this latter issue and takes the same position as the City. Other issues raised by the City have been conceded following our recent decisions in *Rozevink v. Faris*, 342 N.W.2d 845 (Iowa 1983), and *Thompson v. Stearns Chemical Corp.*, 345 N.W.2d 131 (Iowa 1984). The pretrial dismissal of the

first third-party petition contains different issues than the dismissal of the second third-party petition in the trial court's final holding. Consequently, we shall address these issues in separate divisions.

*I. First third-party petition.* During the pretrial stage of the wrongful death action the City brought a third-party action against the contractor claiming that it had a right to indemnity under the terms of the parties' construction contract. The City relied upon the contract clause which specifically provided that the contractor would indemnify the City "from any liability ... arising out of or resulting from the contractor's operations under this contract." The City alleged that the plaintiff's cause of action against it arose out of the contractor's operation under the contract and prayed for indemnity for any and all damages that might be awarded to plaintiff.

The district court, David R. Hansen, Judge, dismissed the City's action holding that the plaintiff's petition against the City was grounded on the City's own negligence and that the agreement did not include a right of indemnity for such negligence or wrongdoing. On appeal the City concedes that under the terms of the contract it is not entitled to indemnity for its own 8 percent of the fault; however, it insists that it should be indemnified by the contractor in an amount measured by the contractor's own negligence. Consequently, we need not consider the validity of a claim for full indemnity. The contractor urges that the issue of partial indemnity may not be raised for the first time on appeal and claimed Judge Hansen never was presented with a claim or a theory of recovery for indemnity for that part of the judgment against the City which was attributed to the contractor's negligence. The City, on the other hand, claims the district court erroneously missed the issue of its claim for partial indemnity.

We first address the issue of preservation of error by turning to the pleadings and the proceedings before the court. Our examination of the City's peti-

tion does not provide a definite answer to the issue of whether partial indemnity was before the district court. The petition makes no reference to partial indemnity or to a claim based on the contractor's percentage of fault. We recognize, however, that under notice pleading, Iowa Rule of Civil Procedure 69, the pleader is not required to set out specific theories of recovery; the petition only need apprise the opposing party of the incident giving rise to the claim and of the general nature of the action. *Soike v. Evan Matthews & Co.*, 302 N.W.2d 841, 842 (Iowa 1981). This does not mean that a party may not be limited to a specific theory of recovery when he limits his pleadings to certain exclusive theories. Here, the prayer for relief indicated that the City was seeking a judgment for full, rather than partial, indemnity when it prayed for a judgment indemnity "for any and all judgment damages that may be awarded to plaintiff against the City of Ames." We find it unnecessary to solve the thorny question whether the prayer eliminated the issue of partial recovery because we believe the parties omitted this issue when stating their position to the district court.

There comes a time in an action governed by notice pleading when the true nature of the action must be identified and the issues narrowed. Generally, this either occurs at the pretrial conference, *Kester v. Bruns*, 326 N.W.2d 279, 284 (Iowa 1982), or during the trial before instruction, *see Soike*, 302 N.W.2d at 843. In the case at hand, we conclude that the City's theory of recovery came into focus through the City's written resistance to the motion to dismiss.

■ The contractor's motion to dismiss was grounded on the proposition that the indemnification clause did not protect the City from its own acts of negligence. In its written resistance to the motion, the City asserted that six out of eight claims of negligence against the City were based on the contractor's acts; thus, "any negligence of the City would have to be based upon the negligence of the contractor's performance, i.e., imputed to the City for

which indemnity would lie." Imputed negligence is the negligence of one person which is chargeable to another because of a relationship between the parties, e.g., the negligence of an agent within the scope of his employment is chargeable to the principal. *Black's Law Dictionary* 683 (rev. 5th ed. 1979). Thus, the City claimed that the indemnity clause protected it whenever the contractor's negligence could be charged to the City due to their relationship as contractor and owner.

The City now offers an entirely different theory of liability under the contract. The jury found the City was guilty of negligence in two respects, each based on the City's own misconduct. The City no longer seeks indemnification for negligence imputed to it; it claims the contract provides partial indemnity for the comparable fault of the contractor. We conclude that the City identified its theory of recovery and that this theory is unlike the claim now presented on appeal. Judge Hansen did not miss the issue of partial indemnity based on comparable fault. This issue was not presented to the district court and may not be raised on appeal.

■ The City claims that it preserved error when it challenged Judge Hansen's ruling in its motion for a new trial pursuant to Iowa Rule of Civil Procedure 244(f), (h). In its motion for a new trial the City claimed that Judge Hansen had erred in dismissing the first third-party petition for indemnity and requested indemnity for the 85 percent of the total fault which had been attributed to the contractor. The City has a right to appeal from Judge Hansen's ruling; however, it does not have the right to raise issues not preserved for review by a later motion. When Judge Hansen's order dismissed the City's third-party petition and the City failed to plead further within the time permitted by Iowa Rule of Civil Procedure 86, the order became a "final adjudication in the trial court" under rule 86. *Lerdall Construction Co. v. City of Ossian*, 318 N.W.2d 172, 174 (Iowa 1982); *Winneshiek Mutual Insurance Association v. Roach*, 257 Iowa 354, 359, 132

N.W.2d 436, 440 (1965); *see McGuire v. City of Cedar Rapids,* 189 N.W.2d 592, 594–96 (Iowa 1971). If the City wished to present a claim for partial indemnity, it could have filed a timely cross-petition after the motion to dismiss was sustained. When the City did not do so, it elected to stand on the record as made, including its theory of recovery.

*II. Second third-party petition.* The second third-party petition presents an issue concerning the doctrine of res judicata or claim preclusion. The City's first third-party petition was dismissed by Judge Hansen on March 30, 1982, without condition or provision for the City to plead further within a time period. The City did not seek additional time to further plead. On April 26 during a telephonic pretrial conference the City obtained court permission to file a second third-party petition and served the petition seeking indemnity on May 21. The contractor immediately challenged the third-party petition by a motion for summary judgment alleging that the adjudication on the first motion became final and binding on the parties when the City failed to plead further within seven days after the dismissal. The district court, Russell J. Hill, Judge, overruled the motion holding that the issues in the first and second third-party petitions were different; the first was in contract, and the second was in tort. Judge Hill further reasoned that the dismissal of the action without hearing or examination into the merits did not operate as a bar to the second suit. Following this ruling, the contractor pleaded res judicata as an affirmative defense. After trial the district court dismissed the third-party petition on another ground. We hold that Judge Hill should have sustained the contractor's motion for summary judgment

and dismissed the second third-party petition at that point.

We find it necessary to examine the principles of law concerning claim preclusion and its application to a ruling that dismisses a pleading. A final judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim. Restatement (Second) of Judgments § 19 (1982); *see also id.* § 24 (a valid judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to any part of the transaction); *id.* § 25 (a plaintiff's claim is extinguished even though the plaintiff is prepared in the second action to present other grounds or theories not presented in the first action). The determination whether a ruling, such as the pretrial dismissal of a pleading, is a final adjudication rests on whether the losing party exercised the right to plead further found in Iowa Rule of Civil Procedure 86.[1] If the losing party repleads within the time limits set out by the court or the seven days provided under rule, the order is not considered final; if the losing party fails to plead further, it is deemed to have elected to stand on the pleadings and the order becomes final. *Bindel v. Iowa Manufacturing Co.,* 197 N.W.2d 552, 553 (Iowa 1972); *1967 Senior Class v. Tharp,* 261 Iowa 539, 541, 154 N.W.2d 874, 876 (1967); *Winneshiek Mutual Insurance Association v. Roach,* 257 Iowa 354, 361, 132 N.W.2d 436, 440 (1965). We stated in *Roach:*

When the final adjudication against the bank under rule 86 took effect upon its failure to plead further within seven days, its right to file another cross-petition ceased. The bank's new cross-petition filed on January 7 was an attempt to amend after it had elected, by failing to plead further within seven days, to stand

---

1. If a party is required or permitted to plead further by an order or ruling, the clerk shall forthwith mail or deliver notice of such order or ruling to the attorneys of record. Presence of counsel when the court announces such ruling or order shall be the equivalent of such mailing or delivery. Unless otherwise provided by order or ruling, such party shall file such further pleading within seven days after

such mailing or delivery; and if such party fails to do so within such time, he thereby elects to stand on the record theretofore made. On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order; reserving only such issues, if any, which remain undisposed of by such ruling and election.
Iowa R.Civ.P. 86.

on its former cross-petition and its cross-action stood dismissed. The new pleading was not allowable. It did not render ineffective the final adjudication against the bank which had previously resulted.

*Id.* 132 N.W.2d at 440.

The City presented different theories of recovery, contract and tort, in its first and second third-party petitions; however, all these claims arose out of the same transaction. Thus, this case fits squarely under the doctrine of res judicata, or claim preclusion, which bars further litigation by the plaintiff on the same claim.

> Claim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial. An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination. A party must litigate all matters growing out of his claim at one time and not in separate actions.

*B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976) (citations omitted).

Judge Hill concluded that a ruling on a motion to dismiss without a trial or hearing does not operate as a bar to a second suit. We have long held to the contrary. In *Lamb v. McConkey*, 76 Iowa 47, 49, 40 N.W. 77, 78 (1888), we decided that when a demurrer was granted on the merits and not on technical grounds, the unsuccessful party was required to plead further or stand on its pleadings; the judgment rendered constituted a final adjudication. Indeed we have incorporated the effect of a dismissal in our rules of civil procedure as follows: "All dismissals not governed by rule 215 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise." Iowa R.Civ.P. 217. *See also Halvorson v. City of Decorah*, 257 Iowa 453, 456, 133 N.W.2d 232, 233 (1965); *J.R. Watkins Co. v. Kramer*, 250 Iowa 947, 952, 97 N.W.2d 303, 304 (1959).

■ In summary, the City was obliged to raise all of its different theories of recovery based on the same transaction prior to a final adjudication or suffer the consequences of claim preclusion. When the City failed to plead further after the first third-party petition was dismissed, it elected to stand on its pleadings as they then existed. Although the City had a right to appeal the ruling dismissing the petition, it could not later amend and place in issue new theories of recovery based on the same transaction. The second third-party petition should have been dismissed on this basis.

■ *III. Subject matter jurisdiction.* The City by appeal and the plaintiff by cross-appeal challenge the holding of the trial court that Wayne was a partner in Wayne's Excavating. The provisions of the workers' compensation chapter, specifically Iowa Code section 85.20, clearly and plainly bar a plaintiff's tort suit against his employer. *Glenn v. Farmland Foods, Inc.*, 344 N.W.2d 240, 243 (Iowa 1984); *see also Harned v. Farmland Foods, Inc.*, 331 N.W.2d 98, 99–100 (Iowa 1983). We recently held:

> [A] member of a partnership is an employer of the partnership's employees. Accordingly, Iowa Code section 85.20 precludes an injured employee … from suing a partner in an independent tort action for his injuries received during the course of his employment for the partnership.

*Carlson v. Carlson*, 346 N.W.2d 525, 527 (Iowa 1984). Our interpretation of the language in chapter 85 provides the industrial commission exclusive jurisdiction and deprives the district court of jurisdiction of the subject matter of such cases. *Glenn*, 344 N.W.2d at 242. Consequently, the determination of the factual question of Wayne's position in Wayne's Excavating is vital to the court's determination whether it has jurisdiction to hear the plaintiff's suit against him.

The knotty issue concerns the proper procedure to be used in determining subject matter jurisdiction of the district court. Although the parties in this appeal did not dwell on the number of times that subject matter jurisdiction was unsuccessfully presented to the district court for decision, we shall discuss it as an aid to the bench and bar rather than as a critical review of what occurred. In so doing, we recognize that the concept of subject matter jurisdiction is lubricious, making it difficult to pin down the issue and select the best procedure to deal with it. We also recognize that our case law concerning these matters has primarily dealt in general terms or answered specific questions. Further, we note that the disposition of this issue in the present case was thwarted somewhat by our system of rotation of judges with at least five different individual judges having some role in the problem. Hindsight makes it apparent that this problem should have been decided well in advance of the trial on the merits. This might have been accomplished by the assignment of a particular judge to handle both the trial and the pretrial matters. With these preliminary remarks, we now turn to the question of subject matter jurisdiction.

■■■■■ The question of subject matter jurisdiction may be raised at any time. *Dull v. Dull,* 303 N.W.2d 402, 406 (Iowa 1981); *Lloyd v. State,* 251 N.W.2d 551, 556-57 (Iowa 1977); *Green v. Sherman,* 173 N.W.2d 843, 846 (Iowa 1970). We have stated that:

> Every court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it. It makes no difference how the question comes to its attention. Once raised, the question must be disposed of, no matter in what manner of form or stage presented. The court on its own motion will examine grounds of its jurisdiction before proceeding further.

*Walles v. International Brotherhood of Electrical Workers,* 252 N.W.2d 701, 710 (Iowa 1977) (quoting *Carmichael v. Iowa State Highway Commission,* 156 N.W.2d 332, 340 (Iowa 1968)). A special appearance is a proper way to challenge subject matter jurisdiction. *Heumphreus v. State,* 334 N.W.2d 757, 758 (Iowa 1983). We have indicated that form must give way to substance and treated a motion to dismiss as a motion for summary judgment. *Troester v. Sisters of Mercy Health Corp.,* 328 N.W.2d 308, 311 (Iowa 1982). We also have found that a finding of fact including the trial court's ruling on a special appearance challenging subject matter jurisdiction could be challenged by a motion to amend the trial court's finding of fact pursuant to Iowa Rule of Civil Procedure 179. *Dull v. Dull,* 303 N.W.2d 402, 404-05. We believe that the general theme of the cases cited is that when a court is confronted with the question of its own authority to proceed it should take charge of the proceedings affirmatively, regardless of the vehicle used to raise the issue; utilize the most efficient methods at its disposal to determine the true fact; and decide the issue promptly.

The issue of subject matter jurisdiction was not disposed of quickly or efficiently in the present case. This suit was filed in June of 1979. Long after an answer had been filed, Wayne put subject matter jurisdiction in issue through a motion to dismiss supplemented by an affidavit supporting his assertion that he was a partner. The City resisted his motion to dismiss under Iowa Rule of Civil Procedure 104 indicating that a motion to dismiss was not a speaking motion and further that the issue was a factual one which must be resolved by a jury. On November 20, 1981, the district court, R.K. Richardson, Judge, overruled the motion. In his ruling Judge Richardson generally set out the law of subject matter jurisdiction; however, he concluded that "the evidence is not substantial at this point sufficient to support a finding as to Wayne Nathem's status." Quite obviously, Judge Richardson was correct that the matter could not be determined from the affidavits of the parties. He indicated that the matter might be addressed further after the parties had concluded discovery.

Wayne again attempted to reach this issue when, on February 2, 1981, he filed an application for bifurcation of the trial so evidence might be taken during a separate hearing to determine subject matter jurisdiction. Again the plaintiff resisted this motion maintaining that he had a right to a jury trial on this issue. On April 1, 1982, Judge David R. Hansen overruled the motion after a hearing in which apparently no evidence was taken. Judge Hansen indicated that no additional evidence had been discovered since Judge Richardson had ruled and suggested that the motion might be renewed after discovery was completed.

Wayne raised this matter again on May 24, 1982, when he renewed his motion to dismiss on the same grounds, but specifically requested an evidentiary hearing on the question of subject matter jurisdiction. An evidentiary hearing was held on June 24, and Judge Russell J. Hill issued a ruling denying the motion. Judge Hill commented that there was evidence in the record which he believed would support a conclusion that Wayne Nathem was not a partner in the excavating business. However, Judge Hill did not make a finding on the ultimate fact of whether Wayne was a partner. Rather, the ruling was based on the ground that a motion to dismiss was not a proper vehicle for the submission of what Judge Hill perceived to be an affirmative defense.

▮▮ Prior to continuing the scenario concerning the procedure in this case, we briefly comment on the last two rulings. In so doing it is not our intent to set out a structured procedure that must be followed in all such cases; however, we believe that certain steps should have been taken. When Wayne requested a bifurcated trial with a separate hearing on the question of subject matter jurisdiction, the court should have conducted the hearing and provided a ruling. If the parties needed further time to complete their discovery before the hearing, they could have filed the appropriate motion. When the issue was repeated on the reviewed motion to dismiss, evidence was taken. Judge Hill

should have looked to the substance of the motion, determined that the issue was not a motion to dismiss based on the pleadings, and decided the factual issues. The evidence was before the court, and the parties were entitled to know their status. All concepts of judicial economy indicate the court should have promptly decided its jurisdictional base. Apparently Judge Hill misperceived the claims of the parties. However, that was soon remedied by a prompt motion to enlarge the findings concerning whether Wayne was a partner. Judge Hill incorrectly ruled that Iowa Rule of Civil Procedure 179(b) is inapplicable to a motion to dismiss when the matter of subject matter jurisdiction is tried by an evidentiary hearing under the guise of a motion to dismiss. *See Dull v. Dull*, 303 N.W.2d at 406.

When the matter finally came to trial, the issue again was relitigated and submitted to the jury. The court then rejected the jury finding and decided that the action against Wayne must be dismissed because it lacked subject matter jurisdiction. The validity of this rejection is now the issue.

▮▮ When its very power to proceed is at issue, a court has the power and duty to determine whether it has jurisdiction of the matter presented. Subject matter jurisdiction should be considered before the court looks at other matters involved in the case and before it determines whether the parties are entitled to a jury trial. 20 Am. Jur.2d *Courts* § 92 (1965).

Where there is a conflict between the parties as to the existence of a jurisdictional fact, the court should not decide the question on affidavits, even with the consent of the parties; in such case the dispute should be determined by the taking of evidence, either at a hearing on that issue or at the trial of the case.

21 C.J.S. *Courts* § 112 (1940). The court should be less concerned about the form in which the question of subject matter jurisdiction reaches it and more concerned about establishing an efficient, prompt, trustworthy solution, even if innovative and unusual approaches are required to

reach the issue. We disagree with the plaintiff that this is a matter which must be submitted to the jury. Although many times the issue requires a factual determination, the court must determine its own authority to hear a case.

We now turn to the validity of the court's final decision that it did in fact lack subject matter jurisdiction because Wayne was a partner. In response to the contractor's requested instruction and in the absence of any general objection to giving the instruction, the trial court instructed the jury on the law relevant to determining Wayne's status and required the jury to determine whether Wayne was a partner. The instruction indicated, however, that the court would make the ultimate determination and the jury's answer would aid the court. The jury returned a special verdict pursuant to Iowa R.Civ.P. 205 finding that Wayne was not a partner. The trial court rejected the jury finding in its final judgment. The plaintiff and City urge that this matter was submitted to the jury and that the trial court erred in entering a judgment notwithstanding the jury verdict. Wayne claims the trial court properly ruled that it must determine Wayne's status and that there was substantial evidence supporting its determination that he was a partner.

 The court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it. *Walles v. International Brotherhood of Electrical Workers*, 252 N.W.2d 701, 710 (Iowa 1977). A hearing on subject matter is a special proceeding which is triable to the court. *Jansen v. Harmon,* 164 N.W.2d 323, 326 (Iowa 1969). The trial court rightfully preserved its right to determine the issue of fact that inhered in its decision on jurisdiction and was not bound by the special verdict.

 Our review of the proceedings concerning subject matter jurisdiction is at law, not de novo. *Id.* Our review reveals no error. Substantial evidence supports the trial court's determination that Wayne was a partner.

We have considered all of the contentions made by the appeal and cross-appeal. We find it unnecessary to speak to those questions unaddressed. For the reasons indicated, we conclude the trial court should be affirmed.

AFFIRMED.

All Justices concur except CARTER, J., who concurs specially, and UHLENHOPP, McCORMICK and LARSON, JJ., who dissent.

CARTER, Justice (concurring specially).

I concur in Division III of the opinion of the court holding that there was a lack of subject matter jurisdiction as to the tort claim against Wayne Nathen. Although I cannot accede to the theories of finality and issue preclusion contained in Division I and Division II of the opinion, I agree with the result which is reached on the third party claims.

As has been made clear from our decision in *Rozevink v. Faris,* 342 N.W.2d 845 (Iowa 1983), any change in law from contributory negligence to comparative negligence does not affect the joint and several liability of the tortfeasors to the injured party. Similarly, as held in *Thompson v. Stearns Chemical Corp.,* 345 N.W.2d 131 (Iowa 1984), any such change in the law does not affect the common law rules of indemnity among tortfeasors. There has therefore been no change in the common law which should prompt us to alter our views with respect to contractual indemnity.

Under existing law, the absence of any provision in the agreement for recovery of indemnity notwithstanding the indemnitee's negligence defeats the third party claim under the theory applied in *Evans v. Howard R. Green Co.,* 231 N.W.2d 907, 916 (Iowa 1975). I vote to affirm the trial court on all issues.

UHLENHOPP, Justice (dissenting).

This case has two unusual features which distinguish it from the ordinary one. First, Iowa law changed from contributory

negligence to comparative negligence during the pendency of the case in district court, and second, the case does not simply involve a single plaintiff and a single defendant trying a single issue but has several parties and contains intertwined issues.

The jury found the parties were negligent as follows: Roger D. Tigges, seven percent; the owner, eight percent; and the contractor, eighty-five percent. The contractor's percentage derives from its own negligence of twenty-eight percent plus Wayne W. Nathem's negligence of fifty-seven percent which, so far as the owner is concerned, would be attributable to the contractor whether Wayne W. Nathem was an employee or partner of the contractor. The trial court held that the Tigges could not recover from the contractor because of the worker's compensation law, and entered judgment in favor of the Tigges and against the owner for ninety-three percent of the damages (one-hundred percent less seven percent for the negligence of Roger D. Tigges).

Involved is the following indemnity clause between the contractor and the owner:

> The Contractor shall indemnify and hold harmless the Owner, the Owner's employees, the Engineer, and the Engineer's employees from any and all liability, loss, cost, damage, and expense (including reasonable attorney's fees and court costs) resulting from, arising out of, or incurred by reason of any claims, actions, or suits based upon or alleging bodily injury, including death, or property damage rising out of or resulting from the Contractor's operations under this Contract, whether such operations be by himself or by any Subcontractor or by anyone directly or indirectly employed by either of them. The Contractor shall obtain insurance for this purpose, which shall insure the interests of the Owner and Engineer as the same may appear, and shall file with the Owner and Engineer certificates of such insurance.

Although the worker's compensation law constitutes exclusive liability as between an employee and an employer, nearly all jurisdictions uphold an indemnity contract as between a third person and the employer. The decisions are collected in *Annotation,* 100 A.L.R.3d 350, 379–84 (1980) (25 jurisdictions uphold indemnity contracts, 1 jurisdiction, Alabama, does not uphold them). Iowa is with the majority. *See Iowa Power & Light Co. v. Abild,* 259 Iowa 314, 322, 144 N.W.2d 303, 308 (1966); *Northern Natural Gas Co. v. Roth Packing Co.,* 323 F.2d 922 (8th Cir.1963) (applying Iowa law); *Mayhew v. Iowa-Illinois Telephone Co.,* 279 F.Supp. 401 (S.D.Iowa 1967) (same).

Throughout the case the owner demanded indemnity of the contractor. It did so initially by its first cross petition on contract. The district court sustained a motion to dismiss that cross petition. The owner then filed a second cross petition for indemnity in tort.

The trial court refused indemnity. The owner thereupon made a timely post-judgment motion. The motion included the citation of *Goetzman v. Wichern,* 327 N.W.2d 742 (Iowa 1982); a request that the sustention of the motion to dismiss the first cross petition be vacated; and a demand for partial indemnity of eighty-five percent of the damages, that is, "indemnity for that portion of the damages directly attributable to the contractor's negligence...." The trial court overruled the motion.

The owner then appealed from the court's overruling its post-trial motion, from the judgment, from all rulings inhering therein, and from "the Order dismissing Third-Party Petition entered on April 1, 1982 [the sustention of the motion to dismiss the first cross petition]." I think the trial court should have granted partial indemnity on the basis of the indemnity contract and *Goetzman.*

I. As to the merits of the indemnity issue, the indemnity clause covers all "claims" against the owner arising out of "the Contractor's operations under this contract...." Those claims against the owner by a third person would be based on some liability principle under tort law in effect at the time of the cave-in of the

ditch. As to the owner's conduct, that law changed retrospectively during the pendency of this case in district court.

At the time of the cave-in and at the time the district court sustained the motion to dismiss the first cross petition on April 1, 1982, the doctrine of contributory negligence was in full force for this case. Traditional contributory negligence was, of course, an "all or nothing" doctrine. The rule in indemnity cases was that if an indemnitee (the owner) was contributorily negligent it could not recover on an indemnity contract unless the contract expressly permitted recovery notwithstanding the indemnitee's own negligence. *Evans v. Howard R. Green Co.*, 231 N.W.2d 907, 916 (Iowa 1975). I will assume for the purposes of this dissent that the instant indemnity contract does not expressly permit recovery notwithstanding the indemnitee's own negligence, as the result I reach is the same as if the contract expressly so permitted recovery in view of the owner's present prayer for only partial indemnity.

On December 22, 1982, however, we abandoned the contributory negligence doctrine and adopted comparative negligence based on "proportionate responsibility for fault." *Goetzman v. Wichern*, 327 N.W.2d 742, 754 (Iowa 1982). We expressly made comparative negligence applicable to "all cases tried ... after the date of filing this opinion." *Id.* at 754. Trial of the present case began January 25, 1983. The result is that comparative negligence applied to the case, and therefore also to the prior cave-in which is the subject of this case. The trial court did apply comparative negligence to the negligence issues in the case.

Prior to *Goetzman*, the indemnitee's contributory negligence prevented recovery on an indemnity contract in the absence of an express clause permitting recovery. But contributory negligence has been supplanted by comparative negligence. I think, therefore, that a negligent indemnitee should not be denied recovery altogether when the contract does not expressly allow recovery notwithstanding the indemnitee's negligence, but the recovery should be re-

duced by the amount of the indemnitee's negligence, here, eight percent.

Such result is not in conflict with *Rozevink v. Faris*, 342 N.W.2d 845 (Iowa 1983). Unlike *Rozevink*, the indemnity controversy (1) is between the defendants, not between the injured person and the defendants, and (2) is based on a contract. The present case is also unlike *Thompson v. Stearns Chemical Corp.*, 345 N.W.2d 131 (Iowa 1984). Like *Rozevink*, *Thompson* did not involve a contract. As the United States Supreme Court stated in *United States v. Seckinger*, 397 U.S. 203, 215–16, 90 S.Ct. 880, 887, 25 L.Ed.2d 224, 235 (1970):

A synthesis of all of the foregoing considerations leads to the conclusion that the most reasonable construction of the clause is the alternative suggestion of the Government, that is, that liability be premised on the basis of comparative negligence. In the first place, this interpretation is consistent with the plain language of the clause, for Seckinger will be required to indemnify the United States to the full extent that its negligence, if any, contributed to the injuries to the employee.

Secondly, the principle that indemnification for the indemnitee's own negligence must be clearly and unequivocally indicated as the intention of the parties is preserved intact. In no event will Seckinger be required to indemnify the United States to the extent that the injuries were attributable to the negligence, if any, of the United States. In short, Seckinger will be responsible for the damages caused by its negligence; similarly, responsibility will fall upon the United States to the extent that it was negligent.

*See also Barron v. United States*, 654 F.2d 644, 648–49 (9th Cir.1981); *City and Borough of Juneau v. Alaska Electric Light & Power Co.*, 622 P.2d 954, 955 (Alaska 1981).

II. The contractor contends that in this case procedural obstacles prevent granting the owner reduced indemnity. The contrac-

tor urges that when the owner did not plead over within seven days after sustention of the motion to dismiss the first cross petition, the owner had to appeal within thirty days. Rule 86 of the rules of civil procedure states that on failure of a losing party to plead over within seven days from sustention of a motion, the ruling becomes a "final adjudication." But this does not mean that the ruling is necessarily appealable at that point, as this court explained in *Lerdall Construction Co. Inc. v. City of Ossian*, 318 N.W.2d 172 (Iowa 1982).

The claim for damages in the Tigges' petition and the claim for indemnity in the owner's first cross petition were intertwined. If the Tigges did not obtain judgment for damages on their petition against the owner, the owner would have no basis for indemnity. Thus an appeal from sustention of the motion to dismiss was not ripe or required until after final judgment for damages against the owner. The case is the opposite of such decisions as *McGuire v. City of Cedar Rapids*, 189 N.W.2d 592, 598 (Iowa 1971) ("the claimed basis of liability asserted against Cedar Rapids is not dependent on or intertwined with the claimed basis of liability asserted against Dory Builders").

Preservation of error is not a problem here for two reasons. As it had a right to do, in this appeal the owner expressly appealed from the sustention of the motion to dismiss the first cross petition. The district court's sustention of that motion may have been correct when made, but since *Goetzman*, and on this appeal, the ruling is incorrect and should be overturned. That the first cross petition asked full indemnity is not fatal. A party is not to be denied relief because it asked too much. *Dugger v. Kelly*, 168 Iowa 129, 150 N.W. 27 (1914); 61A Am.Jur.2d *Pleading* § 123, at 124 (1981) ("The fact that all the relief asked for cannot be granted does not deprive the court of jurisdiction to grant less relief than demanded."); 71 C.J.S. *Pleading* § 95, at 237 (1951) ("if plaintiff is entitled to some relief under the facts which he has set forth he will be granted such relief, although he has prayed for relief to which

he is not entitled, or has prayed for more or less relief than that to which he is entitled"). The owner also expressly appealed, as it has a right to do, from the trial court's overruling its post-judgment motion to apply *Goetzman* and to grant partial indemnity. This motion should have been sustained in view of the change in the law to comparative negligence. The motion was timely under *Baty v. Binns*, 354 N.W.2d 777 (Iowa 1984). The indemnity issue here was not determined by the jury, but by the trial court in the judgment. We stated in *Baty*: "Unlike a jury trial where the parties are apprised of the law of the case by means of the court's proposed instructions and required to object at a prescribed time in order to preserve error, a party in a non-jury trial may challenge an erroneous conclusion of law embodied in a final decision after the decision is made." *Id.* at 779. Although this motion asked the trial court to rule differently from the prior ruling on the motion to dismiss the first cross petition, the *Goetzman* decision had intervened. Moreover, the district court may change its position during the progress of a case and prior to appeal, so as to apply the law correctly. *State v. Wrage*, 279 N.W.2d 4, 6 (Iowa 1979) ("The action of one judge, sitting as the court, may have the affect of altering or setting aside a previous ruling by another judge sitting as the same court."); *Avoca State Bank v. Merchants Mutual Bonding Co.*, 251 N.W.2d 533, 539 (Iowa 1977) ("except in adjudications under rule 105, district court rulings in a case ordinarily do not prevent that court, either through the same or another judge, from ruling otherwise in the later progress of the case"); *Cowman v. LaVine*, 234 N.W.2d 114, 124 (Iowa 1975).

I would affirm the dismissal of the Tigges' petition as against Wayne W. Nathem, affirm the Tigges' judgment against the owner, but reverse as to indemnity and direct the district court to enter judgment for the owner and against the contractor for (a) $85,000 plus interest thereon at ten

percent per annum from June 27, 1979, until paid, and (b) the costs of the action.

McCORMICK and LARSON, JJ., join this dissent.