# IN THE COURT OF APPEALS OF IOWA

No. 22-0654
Filed February 8, 2023


**IN THE MATTER OF THE ESTATE OF MARK D. LEVINE, Deceased.**

**MARGARITA CERVERA LEVINE,**
    Appellant,

**vs.**

**SARA LUNN KEOWN,**
    Appellee.
_____

    Appeal from the Iowa District Court for Polk County, Craig E. Block, Associate Probate Judge.


    Margarita Cervera Levine appeals the probate court's decision finding it has subject-matter jurisdiction over the Estate of Mark D. Levine.  **AFFIRMED.**


    Nicholas Critelli of Critelli Law, P.C., Des Moines, and Samuel H. Braland of Peer, Nelson & Braland, Earlham, for appellant.

    J. Michael Boomershine and Louis R. Hockenberg of Sullivan & Ward, P.C., West Des Moines, for appellee.


    Heard by Bower, C.J., and Badding and Buller, JJ.

**BOWER, Chief Judge.**

Margarita Cervera Levine appeals the probate court's decision finding it has subject-matter jurisdiction over the Estate of Mark D. Levine. Because a probate court in Polk County has "original and exclusive jurisdiction to administer the estates of all persons . . . who die leaving property in the county subject to administration"[1] and the decedent died leaving Polk County real property subject to administration, we affirm.

**I. Background Facts & Proceedings.**

Mark Levine (Levine) died intestate in Belize on February 8, 2021. At the time of his death, he owned a joint interest in a mobile home and adjoining real property in Polk County, a condominium in Belize, and various bank and investment accounts.

Levine's adult daughter, Sara Keown (Keown), lives in Polk County. In September 2020, Levine married Margarita Cervera (Cervera) in Belize. In January 2021, Levine filed a change-in-beneficiary designation with a life insurance company, listing Cervera with a fifty-percent share as beneficiary, Keown with a thirty-five-percent share, and a cousin with the remaining fifteen-percent share. Levine's financial accounts listed his Polk County mobile home as his mailing address.

On February 22, Keown filed a petition for intestate administration of Levine's estate in Polk County, requesting she be appointed administrator.[2] Keown's petition stated Levine did not leave a surviving spouse. The inventory

---

[1] *See* Iowa Code § 633.12 (2021).
[2] An estate was also opened in Belize in late February.

Keown filed in late April listed Cervera as a beneficiary with a note "claims to be spouse." On July 7, Keown filed an application for declaratory judgment in the probate court, challenging the validity of the marriage between Levine and Cervera.

Cervera filed a pre-answer motion to dismiss under Iowa Rule of Civil Procedure 1.421(a), stating, "This court lacks subject matter jurisdiction over the Estate of Mark D. Levine. Proper jurisdiction is in Belize where deceased resided for many years prior to his death, accordingly these proceedings should be dismissed." Cervera also filed an answer to the application for declaratory judgment denying any question existed about the legality of her marriage to Levine.[3]

On March 3, 2022, the probate court held a hearing on the question of subject-matter jurisdiction. In its ruling, the court noted legal distinctions between residency and domicile, and noted evidence of Levine's residency in both Polk County and Belize. The court also noted Cervera raised a question concerning which estate administration should be primary and which ancillary, finding the question did "not defeat the court's capacity to exercise jurisdiction." The probate court found "jurisdiction is proper in Polk County, Iowa[,] and the motion to dismiss for subject matter jurisdiction in denied." The court did not address Keown's

---

[3] The Iowa Department of Human Services filed an answer to the application for declaratory judgment and Cervera's defense, asserting jurisdiction belonged in Iowa due to the existence of real and personal property and outstanding medical-assistance debts in Iowa and noting even if the Iowa probate estate was not the principal estate it should be considered an ancillary estate. The Estate subsequently paid Levine's outstanding state medical assistance debts, and the department withdrew from the Estate proceedings.

motion for declaratory judgment or make a finding on Levine's domicile or primary residency.

Cervera appeals.

## II. Standard of Review.

"Our review of the proceedings concerning subject matter jurisdiction is at law. . . ." *Tigges v. City of Ames*, 356 N.W.2d 503, 512 (Iowa 1984).

> Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention. Jurisdiction over the subject matter of a claim must be conferred by a constitutional or statutory grant.

*DeStefano v. Apts. Downtown, Inc.*, 879 N.W.2d 155, 164 (Iowa 2016) (internal quotation marks and citations omitted).

## III. Analysis.

"At the outset, it is important to precisely define the legal issue behind the subject matter jurisdictional challenge." *Id.* The only question under consideration by the probate court was Cervera's assertion, "This court lacks subject matter jurisdiction over the Estate of Mark D. Levine."

Iowa Code section 633.10(1) grants the probate court jurisdiction of "the administration, settlement and distribution of estates of decedents and absentees, whether such estates consist of real or personal property or both." Section 633.12 provides additional jurisdictional guidance:

> The court of each county shall have original and exclusive jurisdiction to administer the estates of all persons who are residents of the county, or who were residents at the time of their death, and all nonresidents of the state who have property, or who die leaving property in the county subject to administration, or whose property is afterwards brought into the county; to appoint conservators for

nonresidents having property in the county; and to appoint conservators and guardians of residents of the county.

The statute clearly gives the court subject-matter jurisdiction over the estate of any persons "who die leaving property in the county subject to administration," regardless of their residency status. Neither residency nor domicile is a necessary predicate for the court to exercise jurisdiction over an estate with property in the county. There is no dispute Levine owned real property subject to administration in Polk County. By statute, the Polk County court therefore has subject-matter jurisdiction as to an estate administering property in the county.

The parties' arguments on appeal debate the definitions of residency and domicile—an important question in determining the primary and ancillary administration given Levine's ownership of property in two distinct jurisdictions.[4] While an interesting question, it is not one properly raised in Cervera's motion to dismiss or decided by the probate court, and ancillary or primary administration designation is not properly before us on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Cervera's motion to dismiss challenges the court's jurisdiction over the entire estate; it does not question whether the administration is primary or ancillary

---

[4] Cervera argues on appeal the Belize administration should be primary with Iowa only exercising ancillary administration, challenging the Iowa court's "full jurisdiction over the probate of Levine's estate" and applying Iowa law to his foreign assets. But Cervera filed no motion with the probate court regarding the foreign assets, conflict of laws, or the administration in Belize, or seeking designation of the Iowa administration as ancillary. *See* Iowa Code §§ 633.500-.504.

nor does it question the court's authority to decide Keown's application for declaratory judgment.  The court considered the question actually presented and determined it had subject-matter jurisdiction over the estate based on the existence of property in the county subject to administration.  Considering only that same specific question considered in the probate court, we agree the court has subject-matter jurisdiction and affirm.

**AFFIRMED.**